EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------X
SOULEMA SAGNE

                          Plaintiff/Petitioner,

     -against-                                    Index No. 157708/2018

SHIRLEY EXPRESS LLC, RICARDO J. CANTOS

                          Defendant/Respondent.
--------------------------------------------------------------X

## NOTICE OF ELECTRONIC FILING

You have received this Notice because:

- The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts e-filing system, and
- You are a Defendant/Respondent (a party) in this case.

                                      (CPLR § 2111, Uniform Rule § 202.5-bb)

**If you are represented by an attorney:** give this Notice to your attorney. (**Attorneys:** see "Information for Attorneys" pg. 2).

**If you are not represented by an attorney: you are not required to e-file. You may serve and file documents in paper form and you must be served with documents in paper form. However, as a party without an attorney, you may participate in e-filing.**

### Benefits of E-Filing

You can:

- serve and file your documents electronically
- view your case file on-line
- limit your number of trips to the courthouse
- pay any court fees on-line.

There are no additional fees to e-file, view, or print your case records.

To sign up for e-filing or for more information about how e-filing works, you may:

- visit: www.nycourts.gov/efile-unrepresented or
- go to the Help Center or Clerk's Office at the court where the case was filed. To find legal information to help you represent yourself visit www.nycourthelp.gov

Information for Attorneys

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site https://iapps.courts.state.ny.us/nyscef/HomePage; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing requirements. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: 06/18/2018

*Adam S. Bernstein*
Name
BUDIN, REISMAN, KUPFERBERG & BERNSTEIN LLP
Firm Name

112 Madison Avenue, 2nd Floor
Address

New York, NY  10016

(212) 696-5500
Phone

calendar@brkblaw.com
E-Mail

To: *Shurley Express LLC*
*Ricardo J. Cantos*

11/20/17

Index No. 155708/2018        Page 2 of 2        EFM-1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
SOULEMA SAGNE,

                        Plaintiff,

            -against-

SHIRLEY EXPRESS LLC and RICARDO J. CANTOS,

                        Defendants.

-----------------------------------------------------------------X

Index No.: 157708/2018
Date Filing: 6/15/18
Plaintiff designates New York County as the place of trial.

**SUMMONS**

The basis of venue is:
Plaintiff's residence

Plaintiff resides at:
2550 Seventh Avenue
County of New York

## To the above named Defendants

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorneys within (20) twenty days after the service of this summons exclusive of the day of service, where service is made by delivery upon you personally within the state, or within (30) thirty days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
          June 13, 2018

*[signature]*

ADAM S. BERNSTEIN, ESQ.
BUDIN, REISMAN, KUPFERBERG & BERNSTEIN, LLP
Attorneys for Plaintiff
Office & P.O. Address
112 Madison Avenue
New York, NY 10016
(212) 696-5500
Our File # KK11004; tch

Defendants' Addresses:

**SHIRLEY EXPRESS LLC**
351 North 5th Street, Newark, NJ 07107

**RICARDO J. CANTOS**
11 Freedom Avenue, Piscataway, NJ 08854

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X
SOULEMA SAGNE,

                          Plaintiff,

            -against-

SHIRLEY EXPRESS LLC and RICARDO J. CANTOS,

                         Defendants.
------------------------------------------------------------X

**VERIFIED COMPLAINT**

Index # 155708/2018

Plaintiff, by his attorneys BUDIN, REISMAN, KUPFERBERG & BERNSTEIN, LLP, as and for a cause of action alleges upon information and belief as follows:

1. That this action is brought pursuant to the provisions of the New York State Comprehensive Motor Vehicle Insurance Reparations Act and plaintiff has complied with all of the conditions thereof.

2. That plaintiff sustained serious injuries as defined in §5102(d) of the Insurance Law of the State of New York.

3. That by reason of the foregoing, plaintiff is entitled to recover for non-economic losses as are not included within the definition of "basic economic loss" as set forth in §5102(a) of the Insurance Law of the State of New York.

4. That plaintiff is a "covered person" as defined in §5102(j) of the Insurance Law of the State of New York.

5. That this action falls within one or more of the exceptions as set forth in CPLR §1602.

6. Upon information and belief, that at all of the times and places hereinafter

mentioned, defendant SHIRLEY EXPRESS LLC was a domestic company.

7. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant SHIRLEY EXPRESS LLC was a foreign limited liability company.

8. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant SHIRLEY EXPRESS LLC did business in the State of New York.

9. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant SHIRLEY EXPRESS LLC was the owner of a certain motor vehicle bearing State of New Jersey license plate number AS122L.

10. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant SHIRLEY EXPRESS LLC leased and/or rented the aforesaid motor vehicle.

11. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant SHIRLEY EXPRESS LLC controlled the aforesaid motor vehicle.

12. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant SHIRLEY EXPRESS LLC maintained the aforesaid motor vehicle.

13. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant RICARDO J. CANTOS operated the aforesaid motor vehicle.

14. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant RICARDO J. CANTOS was operating the aforesaid motor vehicle with the knowledge, permission and consent of the owner thereof.

15. Upon information and belief that at all of the times and places hereinafter mentioned, the aforesaid motor vehicle was being operated upon the business of the owner thereof.

16. Upon information and belief, that at all of the times and places hereinafter mentioned, the aforesaid motor vehicle was being operated upon the business of the operator thereof.

16. Upon information and belief, that at all of the times and places hereinafter

mentioned, the operator of the aforesaid motor vehicle was in the employ of the owner thereof.

17. That at all of the times and places hereinafter mentioned, West 16th Street and 11th Avenue, in the County, City and State of New York, were public roadways and thoroughfares.

18. That at all of the times and places hereinafter mentioned, plaintiff was operating a certain motor vehicle bearing State of New York license plate number 34013MK.

19. That on or about July 21, 2017, at or about the intersection of West 16th Street and 11th Avenue, in the County, City and State of New York, there was contact between the defendants' motor vehicle and plaintiff's motor vehicle.

20. That at all of the times and places hereinafter mentioned, the aforesaid intersection was controlled by a traffic signal light.

21. That at all of the times and places hereinafter mentioned, the aforesaid traffic signal light was red for traffic proceeding over and along West 16th Street.

22. That immediately prior to and at the time of the accident herein, defendants motor vehicle was proceeding over and along West 16th Street.

23. That the said accident and the injuries and damages to the plaintiff resulting therefrom were caused solely and wholly by reason of the negligence, carelessness and recklessness of the defendants in the ownership, operation and control of their motor vehicle, in that they failed to have and keep the same under reasonable and proper control; in that caused, allowed and permitted motor vehicle to run into and violently collide with the rear of the plaintiff's stationary motor vehicle; in that they failed to bring their motor vehicle under control in time to avoid the collision; in that they failed to have their attention before them; in that they failed to look; in that they failed to see; in that they operated and controlled their motor vehicle at a fast and excessive rate of speed under the circumstances and conditions then and there prevailing; in that they failed to provide and/or make prompt and timely use of adequate and efficient brakes and steering mechanisms; in failing to apply the brakes of their motor vehicle or to take other proper and

appropriate evasive action in time to avoid running into and violently colliding with the plaintiff's motor vehicle; in operating the aforesaid motor vehicle in an unreasonable and imprudent manner; in that they operated and controlled their motor vehicle in reckless disregard for the safety of others, and the plaintiff in particular; in that they violated the statutes, ordinances, rules and regulations in the cases made and provided; in that they were inattentive to their duties wherein had they been attentive to their duties the accident and ensuing injuries could have and would have been avoided; in that they failed to act as a reasonable and prudent person could have and would have under the circumstances and conditions then and there prevailing; in that they operated and controlled their motor vehicle in such a willful, wanton and grossly culpable manner as to be liable for damages and punitive damages; in that they acted in reckless disregard for the safety of others, and the plaintiff in particular; and in that they failed to take all necessary and proper means and precautions to avoid the said accident.

24. That as a result of the negligence of the defendants, plaintiff sustained injuries to various parts of his head, body, limbs and nervous system and, upon information and belief, some of his said injuries are of a permanent and/or protracted nature; that by reason thereof, he was confined to hospital, bed and home and prevented from attending to his usual business and/or occupation and sustained a loss of earnings thereby; and he was required and will be required to obtain medical aid and attention in an effort to cure and alleviate his said injuries, and incurred obligations therefor.

WHEREFORE, plaintiff demands judgment against the defendants in an amount that exceeds the jurisdictional limits of all of the lower Courts, together with interest, and the costs and disbursements of this action.

Dated: New York, New York
June 13, 2018

Yours, [signature]

ADAM S. BERNSTEIN, ESQ.

BUDIN, REISMAN, KUPFERBERG & BERNSTEIN, LLP
Attorneys for Plaintiff
Office and P.O. Address
112 Madison Avenue, 2nd Floor
New York, New York 10016-7416
(212) 696-5500
Our File # KK11004; teh

## VERIFICATION

The undersigned, being an attorney duly admitted to practice in the Courts of the State of New York, affirms under the penalties of perjury:

That I am one of the attorneys for the plaintiff in the within action; that I have read and know the contents of the foregoing complaint, and that the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters I believe it to be true.

This verification is made by affirmation and not by plaintiff herein because the plaintiff is not presently within the county wherein affirmant maintains an office.

This verification is based on information furnished by plaintiff in this action and information contained in affirmant's file.

Dated:   New York, New York
         June 13, 2018

ADAM S. BERNSTEIN

Index No. 155708/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

SOULEMA SAGNE

                        Plaintiff,

      -against-

SHIRLEY EXPRESS LLC and RICARDO J. CANTOS

                        Defendants.

---

### SUMMONS AND VERIFIED COMPLAINT

---

**BUDIN, REISMAN, KUPFERBERG & BERNSTEIN, LLP**
*Attorneys for Plaintiff(s)*
*112 Madison Avenue, 2nd Floor*
*New York, New York 10016*
*(212) 696-5500*
*Our File No. KK11004*

SUPREME COURT THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------x
SOULEMA SAGNE,

                              Plaintiff,

- against -

SHIRLEY EXPRESS LLC and RICHARD J. CANTOS,

                              Defendants.
-----------------------------------------------------------------------x

Index No.: 155708/2018

**VERIFIED ANSWER TO VERIFIED COMPLAINT**

Defendants SHIRLEY EXPRESS LLC and RICHARD J. CANTOS, by and through their attorneys, GALLO VITUCCI KLAR LLP, answering the Verified Complaint of Plaintiff, respectfully state and allege upon information and belief as follows:

1. Deny each and every allegation contained in paragraphs "1", "2", "3", "4" and "5" of the Verified Complaint, and respectfully refer all questions of law to the Honorable Court at the time of trial of this matter.

2. Deny each and every allegation contained in paragraphs "6", "10", "19", "23" and "24" of the Verified Complaint.

3. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "8", "11", "12", "16 first", "17" and "20" of the Verified Complaint, and respectfully refer all questions of law to the Honorable Court at the time of trial of this matter.

4. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "18", "21" and "22" of the Verified Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

5. That these Defendants were not served in accordance with the provisions of the C.P.L.R. and this Court, therefore, lacks jurisdiction over these Defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

6. That any injuries and/or damages sustained by the Plaintiff, as alleged in the Verified Complaint therein, were caused in whole or in part by the contributory negligence and/or culpable conduct of said Plaintiff and not as a result of any contributory negligence and/or culpable conduct on the part of these answering Defendants.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

7. That by entering into the activity in which the Plaintiff was engaged at the time of the occurrence set forth in the Verified Complaint, said Plaintiff knew the hazards thereof and the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by the Plaintiff herein as alleged in the Verified Complaint arose from and were caused by reason of such risks voluntarily undertaken by the Plaintiff in his activities and such risks were assumed and accepted by him in performing and engaging in said activities.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

8. That the injuries and/or damages allegedly sustained by the Plaintiff was caused, in whole or in part, by the failure of the Plaintiff to utilize and/or properly utilize available seat belts and/or other safety devices available.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

9. Answering Defendants are entitled to limitation of liability pursuant to Article 16 of the CPLR.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

10. The Verified Complaint of the Plaintiff fails to state a cause of action, cognizable in equity or law against these answering Defendants and must therefore be dismissed.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

11. The injuries and damages alleged, all of which are denied by the answering Defendants, were caused by the intervening, interceding and superseding acts of third parties not under the control of answering Defendants.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

12. A. The accident described in the Verified Complaint did not result in a "serious injury" to the Plaintiff so defined in and by Section 5102 (d) of the Insurance Law of the State of New York. By reason of the premises in Section 5104 of the Insurance Law of the State of New York, Plaintiff has no right to institute, maintain or prosecute this action and is barred from doing so.

B. The Plaintiff did not sustain serious injury as defined by Section 5102 (d) of the Insurance Law of the State of New York, and his exclusive remedy therefore is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

13. That if the Plaintiff sustained injuries of in the manner alleged, said injuries were caused by the negligence of parties over whom these answering Defendants were not obligated to exercise supervision or control.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

14. The Plaintiff failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages and disabilities alleged in the Verified Complaint.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

15.     Pursuant to CPLR 4545(c), if it be determined or established that Plaintiff has received or with reasonable certainty shall receive the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, and that the same shall be replaced or indemnified, in whole or in part from any collateral source such as insurance (except for life insurance), social security (except for those benefits provided under title XVIII of the Social Security ACT), workers' compensation or employee benefit programs (except such collateral source entitled by law to liens against any recovery of the Plaintiff), then and in that event answering Defendants hereby plead in mitigation of damages the assessment of any such cost or expense as a collateral source in reduction of the amount of the award by such replacement or indemnification, minus an amount equal to the premiums paid by the Plaintiff for such benefits for the two year period immediately preceding the accrual of this action and minus an amount equal to the projected future cost to the Plaintiff of maintaining such benefits and as otherwise provided in CPLR 4545(c).

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

16.     This action may not be maintained because of Plaintiff's failure to join all necessary parties in this action, and in the absence of person(s) who should be a party this action cannot proceed.

**WHEREFORE**, Defendants SHIRLEY EXPRESS LLC and RICHARD J. CANTOS, demand judgment dismissing the Verified Complaint, together with attorneys' fees, costs and disbursements of this action.

Dated: New York, New York
       August 15, 2018

Yours etc.,

GALLO VITUCCI KLAR LLP

By: _____
 Bryan T. Schwartz, Esq.
*Attorneys for Defendants*
*Shirley Express LLC and Richard J. Cantos*
90 Broad Street, 12th Floor
New York, New York 10004
(212) 683-7100
Our File No.: NAVT-2018-30

TO:
Adam S. Bernstein, Esq.
BUDIN, REISMAN, KUPFERBERG
& BERNSTEIN, LLP
*Attorneys for Plaintiff*
*Soulema Sagne*
112 Madison Avenue
New York, New York 10016
(212) 696-5500

## ATTORNEY VERIFICATION

STATE OF NEW YORK         )
                                              ) ss.:
COUNTY OF NEW YORK    )

The undersigned affirms the following statement to be true under penalties of perjury pursuant to Rule 2106 of the Civil Practice Law and Rules.

That he is a member with the firm of GALLO VITUCCI KLAR LLP, attorneys for Defendants, SHIRLEY EXPRESS LLC and RICHARD J. CANTOS.

That he has read the foregoing instrument and knows the contents thereof, and, that the same is true to the knowledge of the undersigned, except as to those matters therein alleged on information and belief, and that as to those matters he believes them to be true.

That the reason why this Verification is made by the undersigned and not by the Defendants are that said party's office is outside the county in which the undersigned maintains his office.

That the source of the undersigned's information and the grounds of his belief as to all matters therein alleged upon information and belief is reports from and communications had with said parties.

Dated: New York, New York
       August 15, 2018

_____
BRYAN T. SCHWARTZ

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                                              ) ss.:
COUNTY OF NEW YORK  )

  The undersigned being duly sworn, deposes and says that she is not a party to this action, is over the age of 18 years and resides in the State of New York, County of Kings, and that on the 15th day of August, 2018, she served the within **VERIFIED ANSWER TO VERIFIED COMPLAINT** upon:

Adam S. Bernstein, Esq.
BUDIN, REISMAN, KUPFERBERG
& BERNSTEIN, LLP
*Attorneys for Plaintiff*
*Soulema Sagne*
112 Madison Avenue
New York, New York 10016
(212) 696-5500

those being the addresses designated by said attorneys for that purpose, by depositing a true copy of same enclosed in a post-paid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department and by New York State Courts Electronic Filing (NYSCEF) System.

_____
Claudette Garraud

Sworn to before me this
15th day of August, 2018

_____
Notary Public

> Mary Thompson
> Notary Public – State of New York
> No. 01TH6044466
> Qualified in Richmond County
> Commission Expires on July 3, 2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK                                    INDEX NO.: 155708/2018

---

SOULEMA SAGNE,

                              Plaintiff,

   - against -

SHIRLEY EXPRESS LLC and RICHARD J. CANTOS,

                              Defendants.

---

**VERIFIED ANSWER TO VERIFIED COMPLAINT**

---

GALLO VITUCCI KLAR LLP
*Attorneys for Defendants*
*Shirley Express LLC and Richard J. Cantos*
90 Broad Street, 12th Floor
New York, New York 10004
(212) 683-7100
Our File No.: NAVT-2018-30
BTS/cg