EXHIBIT "B"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x

SOULEMA SAGNE,                                    Index No.: 155708/2018

                                Plaintiff,        **DEMAND FOR VERIFIED
                                                  BILL OF PARTICULARS**

        - against -

SHIRLEY EXPRESS LLC and RICHARD J. CANTOS,

                                Defendants.
-------------------------------------------------------------------x

**TO:   PLAINTIFF**

        **PLEASE TAKE NOTICE**, that pursuant to Section 3041 et seq. of the Civil Practice Law

and Rules, you are hereby required to serve a Verified Bill of Particulars upon the undersigned

within twenty (20) days after receipt of this Demand, setting forth the following:

1.   The date of birth, social security number and residence of the Plaintiff.

2.   Date, approximate time and condition of weather at the time of the occurrence alleged
     in the Verified Complaint.

3.   State the exact location and manner in which Plaintiff alleges the occurrence referred
     to in the Verified Complaint took place.

4.   If the accident involves motor vehicles state:

     (a)   the location of the accident in sufficient detail to permit identification, giving
           the direction in which each car was proceeding and what part or parts each of
           the respective vehicles came into contact.

5.   If an intentional act or tort is claimed:

     (a)   set forth in detail the circumstances leading up to the alleged intentional act,
           including but not limited to, the physical acts, verbal threats, etc.,

     (a)   set forth the exact acts which are alleged to constitute the intentional act.

6.   A statement of the acts and/or omissions constituting the negligence claimed.

7.   Set forth by Chapter, Article, Section and Paragraph each statute, regulation, rule or
     ordinance, if any, which it is claimed was violated by the Defendants.

8.   Give the nature, extent, location and duration of each and every injury claimed to have been sustained by the Plaintiff specifying each injury which is claimed permanent or that none is permanent.

9.   In what respect did the Plaintiff sustain a serious injury as defined in subdivision (d) of Section 5102 of the Insurance Law, or economic loss greater than basic economic loss, as defined in subdivision (a) of Section 5102 of the Insurance Law.

10.  How long will it be claimed that the Plaintiff was confined to (a) hospital or hospitals, giving specific dates of admission and discharge, (b) bed and/or (c) home as a result of the occurrence, giving the specific dates of confinement.

11.  If x-rays were taken, state the name and address of the place where they were taken, the name and address of the person who took them, the date each was taken and what it disclosed.

12.  If treated by doctors, state the name and present address of each doctor, the dates and places where treatments were received and the date of last treatment.

13.  If still being treated, the name and address of each doctor rendering treatment, where and how often treatment is received and the nature thereof.

14.  If a previous injury, disease, illness or condition is claimed to have been aggravated, accelerated or exacerbated, specify in detail the nature of each and the name and present address of each doctor, if any, who rendered treatment for said condition.

15.  State whether Plaintiff ever sustained personal injuries of the kind alleged herein, but prior to the occurrence referred to in the Verified Complaint.

     (a)   if so, state whether Plaintiff ever made a claim for said injuries;

     (b)   state the date of each and every injury;

     (c)   state the name and addresses of all doctors who treated Plaintiff for said injuries;

     (d)   state whether litigation ensued as a result of said injuries and claims; and

     (e)   if so, state the caption of the litigation, the county in which the litigation was started and the names and addresses of all attorneys in the case.

16.  The length of time the Plaintiff was totally disabled, if at all, as a result of the occurrence including specific dates.

17.  The length of time the Plaintiff was partially disabled, if at all, as a result of the occurrence including specific dates.

18.     If employed at the time of accident, state: (a) the name and address of the employer, (b) the position held, the nature of work performed and the length of said employment, (c) the average weekly wages during the three (3) years prior to the occurrence, (d) the period of time lost from employment, if any, giving dates and (e) the amount of wages lost, if any.

19.     If other loss of income, profit or earnings is claimed:

      (a)     State total amount of said loss.

      (b)     Give a complete detailed computation of said loss.

      (c)     State nature and source of loss of such income, profit and earnings and date of deprivation thereof.

20.     If there has been a return to employment or occupation, state:

      (a)     Name and address of present employer.

      (b)     Position held and nature of work performed.

      (c)     Present weekly wages, earnings, income or profit.

21.     Itemize in complete detail any and all moneys expended or expenses incurred for hospitals, doctors, nurses, x-rays, medicines, care and appliances and state the name and address of each payee and the amount paid or owed each payee.

22.     Itemize any and all other losses or expenses incurred as a result of the occurrence not otherwise set forth.

23.     State the following, separately with respect to the Plaintiff, as to bills for medical, hospital, physicians' services, nurses, surgical appliances and other special damages claimed:

      (a)     Name of the insurance carrier providing the benefit;

      (b)     Name of the health plan or policy number;

      (c)     Any out of pocket expense of the Plaintiff not covered by health insurance; and

      (d)     if any co-insurance was paid, and if so, the name of the co-insurance carrier and the amount of benefits paid.

24.   State, separately with respect to the Plaintiff, whether or not the Plaintiff received or is receiving any of the following benefits:

    (a)    Social Security;

    (b)    Supplemental Security Income (SSI);

    (c)    Disability benefits;

    (d)    Workers' Compensation benefits;

    (e)    Social Security benefits (food stamps, home relief, etc.);

    (f)    Disability pension benefits;

    (g)    Medicare; and

    (h)    Medicaid

If so, set forth the specific amount of each particular benefit payment and the frequency of such payment (*i.e.*, weekly or monthly basis), the date when the receipt to the benefit income commenced and the date when it is anticipated that the benefit will terminate.

25.   If damage to property is claimed to have resulted from such accident:

    (a)    describe in detail each and every item of property allegedly damaged;

    (b)    state the cost to repair or replace each and every item of damage to Plaintiff's property;

    (c)    state the amount of damages sustained by Plaintiff for loss of profits and how this amount was calculated.

26.   If damage to motor vehicle is claimed to have resulted from the occurrence:

    (a)    state the make, model and year of manufacture of Plaintiff's vehicle and the reasonable market value of same immediately prior to and immediately after the alleged accident;

    (b)    set forth the length of time Plaintiff will claim loss of use of vehicle and the amount expended by reason thereof;

    (c)    set forth the mileage on Plaintiff's vehicle at the time of the accident.

27.     State whether Plaintiff was married at the time of the occurrence alleged in the Verified Complaint.

    (a)     If so, set forth the name and address of Plaintiff's spouse.

28.     If a claim will be made for loss of service or consortium, set forth the manner in which such damages are calculated.

    (a)     identify the nature of the loss of services or consortium;

    (b)     set forth the length of time for which such claim is made.

**PLEASE TAKE FURTHER NOTICE**, that in the event Plaintiff fails to comply with the foregoing demand within twenty (20) days, the undersigned Defendants will move to preclude the offering of any evidence as to the matters herein demanded, together with the costs of such application.

Dated: New York, New York
      August 15, 2018

                   Yours etc.,

                   GALLO VITUCCI KLAR LLP

                   By:    Bryan T. Schwartz, Esq.
                   *Attorneys for Defendants*
                   *Shirley Express LLC and Richard J. Cantos*
                   90 Broad Street, 12th Floor
                   New York, New York 10004
                   (212) 683-7100
                   Our File No.: NAVT-2018-30

TO:
      Adam S. Bernstein, Esq.
      BUDIN, REISMAN, KUPFERBERG
      & BERNSTEIN, LLP
      *Attorneys for Plaintiff*
      *Soulema Sagne*
      112 Madison Avenue
      New York, New York 10016
      (212) 696-5500

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK       )
                        ) ss.:
COUNTY OF NEW YORK  )

The undersigned being duly sworn, deposes and says that she is not a party to this action, is over the age of 18 years and resides in the State of New York, County of Kings, and that on the 15th day of August, 2018, she served the within **DEMAND FOR VERIFIED BILL OF PARTICULARS** upon:

Adam S. Bernstein, Esq.
BUDIN, REISMAN, KUPFERBERG
& BERNSTEIN, LLP
*Attorneys for Plaintiff*
*Soulema Sagne*
112 Madison Avenue
New York, New York 10016
(212) 696-5500

those being the addresses designated by said attorneys for that purpose, by depositing a true copy of same enclosed in a post-paid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department and by New York State Courts Electronic Filing (NYSCEF) System.

Claudette Garraud

Sworn to before me this
15th day of August, 2018

Notary Public

Mary Thompson
Notary Public – State of New York
No. 01TH6044466
Qualified in Richmond County
Commission Expires on July 3, 2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK                                    INDEX NO.: 155708/2018

══════════════════════════════════════════════════════════

SOULEMA SAGNE,

                            Plaintiff,

        - against -

SHIRLEY EXPRESS LLC and RICHARD J. CANTOS,

                            Defendants.

══════════════════════════════════════════════════════════

**DEMAND FOR VERIFIED BILL OF PARTICULARS**

══════════════════════════════════════════════════════════

GALLO VITUCCI KLAR LLP
*Attorneys for Defendants*
*Shirley Express LLC and Richard J. Cantos*
90 Broad Street, 12th Floor
New York, New York 10004
(212) 683-7100
Our File No.: NAVT-2018-30
BTS/cg

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------------x

SOULEMA SAGNE,                                          Index No.: 155708/2018

                                    Plaintiff,          **NOTICE TO TAKE**
                                                        **EXAMINATION**
            - against -                                 <u>**BEFORE TRIAL**</u>

SHIRLEY EXPRESS LLC and RICHARD J. CANTOS,

                                    Defendants.
--------------------------------------------------------------------x

**TO:    PLAINTIFF**

        **PLEASE TAKE NOTICE**, that pursuant to the CPLR Section 3101 <u>et</u> <u>seq.</u>, the

undersigned will take on behalf of the Defendants, on the **17th day of December, 2018, at 10:00**

**A.M.**, in the forenoon of that date, at the offices of the undersigned, the oral examination of

Plaintiff, and the same will continue from day to day until completed, concerning all of the relevant

facts and circumstances in connection with this litigation. Said Defendants shall reserve the right

to use electronic audio and visual means to record said examinations in conjunction with or instead

of stenographic recordings pursuant to applicable Court rules.

        **PLEASE TAKE FURTHER NOTICE**, that at the time of the taking of the testimony,

the aforesaid parties are required to produce any and all documents, reports, and/or records which

may be used by the parties and parties' witnesses so testifying to refresh their recollection as to

the matters hereinabove set forth.

Dated: New York, New York
        August 15, 2018

Yours etc.,

GALLO VITUCCI KLAR LLP

By:     Bryan T. Schwartz, Esq.
*Attorneys for Defendants*
*Shirley Express LLC and Richard J. Cantos*
90 Broad Street, 12th Floor
New York, New York 10004
(212) 683-7100
Our File No.: NAVT-2018-30

TO:

Adam S. Bernstein, Esq.
BUDIN, REISMAN, KUPFERBERG
& BERNSTEIN, LLP
*Attorneys for Plaintiff*
*Soulema Sagne*
112 Madison Avenue
New York, New York 10016
(212) 696-5500

### AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )  
                       ) ss.:  
COUNTY OF NEW YORK  )

       The undersigned being duly sworn, deposes and says that she is not a party to this action, is over the age of 18 years and resides in the State of New York, County of Kings, and that on the 15th day of August, 2018, she served the within **NOTICE TO TAKE EXAMINATION BEFORE TRIAL** upon:

<div align="center">

Adam S. Bernstein, Esq.  
BUDIN, REISMAN, KUPFERBERG  
& BERNSTEIN, LLP  
*Attorneys for Plaintiff*  
*Soulema Sagne*  
112 Madison Avenue  
New York, New York 10016  
(212) 696-5500

</div>

those being the addresses designated by said attorneys for that purpose, by depositing a true copy of same enclosed in a post-paid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department and by New York State Courts Electronic Filing (NYSCEF) System.

<div align="right">

Claudette Garraud

</div>

Sworn to before me this  
15th day of August, 2018

Notary Public

<div style="border:1px solid">

**Mary Thompson**  
**Notary Public – State of New York**  
**No. 01TH6044466**  
**Qualified in Richmond County**  
**Commission Expires on July 3, 2022**

</div>

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK                                          INDEX NO.: 155708/2018

SOULEMA SAGNE,

Plaintiff,

- against -

SHIRLEY EXPRESS LLC and RICHARD J. CANTOS,

Defendants.

## NOTICE TO TAKE EXAMINATION BEFORE TRIAL

GALLO VITUCCI KLAR LLP
*Attorneys for Defendants*
*Shirley Express LLC and Richard J. Cantos*
90 Broad Street, 12th Floor
New York, New York 10004
(212) 683-7100
Our File No.: NAVT-2018-30
BTS/cg

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------x

SOULEMA SAGNE,                                       Index No.: 155708/2018

                              Plaintiff,

             - against -

SHIRLEY EXPRESS LLC and RICHARD J. CANTOS,

                              Defendants.
-----------------------------------------------------------------------x

## CERTIFICATION PURSUANT TO SECTION 130-1.1-a
## OF THE RULES OF THE CHIEF ADMINISTRATOR (22 NYCRR)

The undersigned certifies the following documents pursuant to 22 NYCRR Section 130-1.1-a.

**DEMAND PURSUANT TO MANDATORY INSURER REPORTING LAW**
**DEMAND REGARDING PRIOR OR SUBSEQUENT INJURY**
**DEMAND FOR STATEMENT OF DAMAGES PURSUANT TO CPLR § 3017(C)**
**COMBINED DISCOVERY DEMANDS**

Dated: New York, New York
       August 15, 2018

                                        Yours etc.,

                                        GALLO VITUCCI KLAR LLP

                                        By:      Bryan T. Schwartz, Esq.
                                        *Attorneys for Defendants*
                                        *Shirley Express LLC and Richard J. Cantos*
                                        90 Broad Street, 12th Floor
                                        New York, New York 10004
                                        (212) 683-7100
                                        Our File No.: NAVT-2018-30

TO:
       Adam S. Bernstein, Esq.
       BUDIN, REISMAN, KUPFERBERG
       & BERNSTEIN, LLP
       *Attorneys for Plaintiff*
       *Soulema Sagne*
       112 Madison Avenue
       New York, New York 10016
       (212) 696-5500

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x

SOULEMA SAGNE,                                        Index No.: 155708/2018

                                    Plaintiff,        **DEMAND PURSUANT**
                                                      **TO MANDATORY**
            - against -                               <u>**INSURER REPORTING LAW**</u>

SHIRLEY EXPRESS LLC and RICHARD J. CANTOS,

                                    Defendants.,
-------------------------------------------------------------------x

**SIRS:**

    **PLEASE TAKE NOTICE,** that pursuant to Article 31 of the CPLR and 42 USC §1395y(b)(8)(A), the undersigned attorneys for Defendants, hereby demand that the Plaintiff furnish within thirty (30) days of service of this notice the following:

1.    A statement as to whether the Plaintiff has received benefits from either Medicare or Medicaid at any time, for any reason, not limited to the injuries alleged in the instant action. If so, please state and/or provide:

    a.    Plaintiff's full name;
    b.    Plaintiff's gender;
    c.    Plaintiff's date of birth;
    d.    Plaintiff's social security number;
    e.    Plaintiff's residence telephone number;
    f.    The Health Insurance Claim Number and/or Medicare and/or Medicare/Medicaid file number;
    g.    The address of the office handling the Plaintiff Medicare and/or Medicaid file;
    h.    A duly executed authorization bearing Plaintiff's date of birth and social security number or Health Insurance Claim Number permitting this firm and/or the representatives of Defendants to obtain copies of Plaintiff's Medicare/Medicaid records.

2.    State whether Medicare and/or Medicaid has a lien and the amount of any such lien.

3.      Provide copies of all documents, records, memoranda, notes, etc., in Plaintiff's possession pertaining to Plaintiff's receipt of Medicare and/or Medicaid benefits, including copies of all documents provided to or received from the Medicare and/or Medicaid administrator.

4.      If any Medicaid and/or Medicare Secondary Payer (MSP) claims exist, please provide a copy of the claim summary from Medicare and/or Medicaid regarding those claims.

5.      If Plaintiff has not received Medicare and/or Medicaid benefits in the past or is not receiving Medicare and/or Medicaid benefits now, state whether Plaintiff is eligible to receive Medicare and/or Medicaid benefits.

6.      If Plaintiff has been receiving Medicare and/or Medicaid benefits and is now deceased, please provide the following:

        a.   Relationship of the administrator of Plaintiff's estate to Plaintiff's decedent.
        b.   Name and address of Plaintiff's administrator;
        c.   Telephone number and/or email address of Plaintiff's administrator;
        d.   Social security number of Plaintiff's administrator;
        e.   An authorization to examine and copy deceased's Medicare and/or Medicaid records.

**PLEASE TAKE FURTHER NOTICE,** that pursuant to CPLR, this is a continuing demand that you are required to serve the demanded information within thirty (30) days of the date of this demand.

If you do not possess the above requested information, an affidavit to that effect should be

Dated: New York, New York
      August 15, 2018

                      Yours etc.,
                      GALLO VITUCCI KLAR LLP
                      By:    Bryan T. Schwartz, Esq.
                      *Attorneys for Defendants*
                      *Shirley Express LLC and Richard J. Cantos*
                      90 Broad Street, 12th Floor
                      New York, New York 10004
                      (212) 683-7100
                      Our File No.: NAVT-2018-30

TO:

Adam S. Bernstein, Esq.
BUDIN, REISMAN, KUPFERBERG
& BERNSTEIN, LLP
*Attorneys for Plaintiff*
*Soulema Sagne*
112 Madison Avenue
New York, New York 10016
(212) 696-5500

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x

SOULEMA SAGNE,                                        Index No.: 155708/2018

                                        Plaintiff,        **DEMAND REGARDING PRIOR**
                                                          **OR SUBSEQUENT INJURY**

                - against -

SHIRLEY EXPRESS LLC and RICHARD J. CANTOS,

                                        Defendants.,
-------------------------------------------------------------------x

**C O U N S E L :**

    **PLEASE TAKE NOTICE** that demand is hereby made upon you to provide, in reference

to any prior or subsequent injury which is similar to the injuries being alleged in the present matter,

the following:

    a.    Authorizations to obtain all medical records, hospital records, x-rays, MRI scans and technical and diagnostic reports directed to any hospital, clinic or other health care facility in which the injured Plaintiff is or was treated or confined.

    b.    Names and addresses of all physicians or other health care providers of every description who have consulted, examined, or treated Plaintiff for any prior injuries which are similar to those injuries being alleged in the present matter.

    c.    Authorizations to obtain all medical records of each physician enumerated in (b), if such has not been provided.

    d.    Copies of all medical reports received from any and all health care provider(s) enumerated in (a), (b) or (c).

    e.    Authorizations to allow Defendants to obtain a complete pharmacy or drug store record with respect to all drugs prescribed to Plaintiff.

    f.    Authorizations to allow Defendants to obtain a complete legal file relating to any and all pre-existing conditions relating to injuries alleged in the present matter.

    g.    Copies of all legal records and/or reports received from any entity identified in (f).

**PLEASE TAKE FURTHER NOTICE**, that pursuant to the CPLR, this is a continuing

demand and that you are required to serve the demand information with 20 days of receipt of this

demand;

**PLEASE TAKE FURTHER NOTICE,** that upon your failure to produce the aforesaid

item(s) at the time and place required in this Demand, a motion will be made to the Court for the

appropriate relief with costs.

Dated: New York, New York
      August 15, 2018

                      Yours etc.,
                      GALLO VITUCCI KLAR LLP
                      By:    Bryan T. Schwartz, Esq.
                      *Attorneys for Defendants*
                      *Shirley Express LLC and Richard J. Cantos*
                      90 Broad Street, 12th Floor
                      New York, New York 10004
                      (212) 683-7100
                      Our File No.: NAVT-2018-30

TO:
      Adam S. Bernstein, Esq.
      BUDIN, REISMAN, KUPFERBERG
      & BERNSTEIN, LLP
      *Attorneys for Plaintiff*
      *Soulema Sagne*
      112 Madison Avenue
      New York, New York 10016
      (212) 696-5500

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------x

SOULEMA SAGNE,                                                Index No.: 155708/2018

                                    Plaintiff,               **DEMAND FOR STATEMENT**
                                                             **OF DAMAGES PURSUANT**
              - against -                                    <u>**TO CPLR § 3017(C)**</u>

SHIRLEY EXPRESS LLC and RICHARD J. CANTOS,

                                    Defendants.
-----------------------------------------------------------------------x

**PLAINTIFF:**

          Demand is hereby made upon the Plaintiff to provide a statement of damages claimed to

the undersigned pursuant to CPLR §3017(c).

Dated: New York, New York
          August 15, 2018

                                        Yours etc.,
                                        GALLO VITUCCI KLAR LLP
                                        By:     Bryan T. Schwartz, Esq.
                                        *Attorneys for Defendants*
                                        *Shirley Express LLC and Richard J. Cantos*
                                        90 Broad Street, 12th Floor
                                        New York, New York 10004
                                        (212) 683-7100
                                        Our File No.: NAVT-2018-30

TO:
          Adam S. Bernstein, Esq.
          BUDIN, REISMAN, KUPFERBERG
          & BERNSTEIN, LLP
          *Attorneys for Plaintiff*
          *Soulema Sagne*
          112 Madison Avenue
          New York, New York 10016
          (212) 696-5500

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------x

SOULEMA SAGNE,                                      Index No.: 155708/2018

                        Plaintiff,                  **COMBINED
                                                    DISCOVERY DEMANDS**

        - against -

SHIRLEY EXPRESS LLC and RICHARD J. CANTOS,

                        Defendants.

------------------------------------------------------------------x

## DEMAND FOR AUTHORIZATIONS

Defendants hereby demand that Plaintiff produce, pursuant to C.P.L.R. 3120, and permit

us to discovery and inspect, copy and photograph the following:

1.   Duly acknowledged and executed written authorizations permitting
     Defendants to obtain Plaintiff's complete personnel file and other
     records pertaining to any and all employment that Plaintiff has or
     had from 2015 to present.

2.   Duly acknowledged and executed written authorizations permitting
     Defendants to obtain all hospital (including any ambulance and
     emergency room records, etc.) and all treating physicians' medical
     records and reports including dates of treatment, etc. relating to the
     medical care and treatment of Plaintiff as of 2015 to present.

## DEMAND FOR SOCIAL MEDIA INFORMATION

Defendants hereby demand that the Plaintiff produce, pursuant to C.P.L.R. 3101(e) and

3120:

            All photographs, comments, videos, timeline posts, likes, or other
            media or correspondence (collectively, "content") contained within
            Plaintiff's current and historical Facebook, Instagram, MySpace,
            Twitter, and other social media pages and accounts, including but
            not limited to all deleted pages and related information, for a period
            of three years before the accident to present, concerning the effect
            on Plaintiff of the personal injuries alleged, including but not limited
            to any information that would be relevant to the effect of any alleged
            injury on Plaintiff's activities of daily life (such as socializing,
            vacations, sports activities, etc.). Should content responsive to this

demand include private or sensitive materials, such as photographs depicting nudity or romantic encounters, please furnish a list of such items, with a description sufficient to determine whether they should be subject to disclosure.

**PLEASE TAKE NOTICE**, that Parties to litigation may satisfy party and non-party discovery requirements relating to their Facebook accounts by producing and authenticating the content of communications from their accounts and by using Facebook's "Download Your Information" tool, which is accessible through the Settings drop down menu.

**PLEASE TAKE FURTHER NOTICE**, that deleting or deactivating any social media accounts after receipt of this notice, or in anticipation of litigation, will be considered spoliation of evidence.

## DEMAND FOR OPPOSING PARTY STATEMENTS

Defendants hereby demand that the Plaintiff produce, pursuant to C.P.L.R. 3101(e) and 3120, and permit us to discover, inspect, copy and photograph:

    (a)    Any signed statement, unsigned statement, or copy of any recorded statement or document made by or taken from Defendants or any agent, servant or employee of Defendants; or

    (b)    Any signed statement, unsigned statement, or copy of any recorded statement or document made by or taken from Defendants or any agent, servant or employee of Defendants.

## DEMAND FOR EXPERT WITNESS DISCLOSURE

Pursuant to Section 3101(d)(1) of the C.P.L.R., the Plaintiff is hereby required to set forth the following:

    a.    The name and address of each and every person you expect to call as an expert witness at the trial of this action.

    b.    In reasonable detail, the subject matter on which each expert is expected to testify.

c.       The substance of the facts and opinions on which each expert is expected to testify.

d.       The qualification of each expert witness.

e.       A summary of the grounds for each expert's opinion.

## DEMAND FOR PHOTOGRAPHS AND/OR VIDEO

Defendants hereby demand that the Plaintiff, pursuant to C.P.L.R. 3120 and permit us to discover and inspect, copy and photograph the following:

> All photographs and/or video in any form, under the control of Plaintiff or his respective representatives showing the condition of the place of the accident as it existed at the time of, or following, the accident herein alleged, and of any alleged injuries sustained by the Plaintiff.

## DEMAND FOR ACCIDENT REPORTS

Pursuant to Article 31 of the C.P.L.R., Defendants hereby demand that the Plaintiff serve the undersigned within thirty (30) days with copies of all accident reports prepared by or in possession of the Plaintiff and/or his respective agents, employees, or representatives concerning the incident which is the subject of this litigation.

## DEMAND FOR NAMES AND ADDRESSES OF WITNESSES

Defendants hereby demand that the Plaintiff set forth in writing, under oath, and serve upon us:

The names and addresses of each person known or claimed by you or any party you represent in this action to be a witness to:

(a)       the occurrence alleged in the Verified Complaint of this action; or

(b)       any acts, omissions, or conditions which allegedly caused the occurrence alleged in the Verified Complaint; or

(c)     any actual notice allegedly given to Defendants answering herein of
any condition which allegedly caused the occurrence alleged in the
Verified Complaint; or

(d)     the nature and duration of any alleged condition which allegedly
caused the occurrence alleged in the Verified Complaint.

## DEMAND FOR COLLATERAL SOURCE INFORMATION

Defendants hereby demand that Plaintiff serve upon the undersigned a statement as to
whether any part of the cost of medical care, dental care, custodial care, rehabilitation services,
loss of earnings, or other economic loss sought to be recovered herein, was replaced or
indemnified, in whole or in part, from any collateral source, such as insurance, social security
(except those benefits provided under Title 18 of the Social Security Act), workmen's
compensation, or employee benefit programs and, if so, the full name and address of each
organization or program (and policy or other identifying number, if applicable) providing such
replacement or indemnification, together with an itemized statement of the amount of each such
item of economic loss that was replaced or indemnified by each such organization or program.

Defendants also demand that Plaintiff provide the name and address (and policy or other
identifying number, if applicable) and statement of itemization of each such organization or
program to which a claim for reimbursement has been made but not yet been paid or with regard
to which Plaintiff reasonably anticipates in the future making a claim for reimbursement.

Defendants hereby demand that Plaintiff provide duly executed and properly addressed
original authorizations permitting the undersigned to inspect and copy any records reflecting any
collateral source or payment identified in response to the foregoing demand.

## DEMAND FOR MEDICAL INFORMATION

Defendants hereby demand that Plaintiff serve upon the undersigned the following:

1.     The names and addresses of all physicians or other health care providers of every description who have consulted, examined or treated Plaintiff, for each of the conditions allegedly caused by, or exacerbated by, the occurrence described in the Verified Complaint including, the date of such treatment or examination.

2.     Duly executed and acknowledged written authorizations directed to any hospital, clinic or other health care facility in which the injured Plaintiff herein is or was treated or confined due to the occurrence set forth in the Verified Complaint so as to permit the securing of a copy of the entire hospital record or records including X-rays and technicians' reports.

3.     Duly executed and acknowledged written authorizations to allow Defendants to obtain the complete office medical records relating to Plaintiff of each health care provider identified in (1) above.

4.     Copies of all medical reports in Plaintiff's possession received from health care providers identified in (1) above. These shall include a detailed recital of the injuries and conditions as to which testimony will be offered at the trial, referring to and identifying those X-rays and technicians' reports which will be offered at the trial.

5.     Duly executed and acknowledged written authorizations to allow Defendants to obtain complete pharmacy or drug store records with respect to any drugs prescribed to Plaintiff from one (1) year prior to the occurrence described in the Verified Complaint to the present date.

## DEMAND FOR PRIOR PLEADINGS

Pursuant to CPLR Rule 2103(4)(e), the Plaintiff is hereby required to provide the undersigned with the following:

1.   A list of those attorneys who have appeared in this action, together with their addresses and the names of the parties for whom each such attorney has appeared;

2.   Copies of any and all pleadings and discovery demands and responses thereto served by each such attorney; and

3.   Copies of any deposition transcripts and/or 50-h hearing.

## DEMAND FOR CONTRACTS

Defendants represented by the undersigned demand that Plaintiff produce, pursuant to

CPLR 3120 and permit us to discover and inspect, copy and photograph the following:

Copies of any and all Contracts and/or Agreements in effect on July 21, 2018 between the parties relative to the subject action.

## DEMAND FOR INSURANCE INFORMATION

Defendants represented by the undersigned demand that the Plaintiff produce, pursuant to

CPLR 3120 and permit us to discover and inspect, copy and photograph the following:

a.   Each and every primary, contributing and excess insurance agreement under which any person carrying on an insurance business may be liable to indemnify any party for part or all of any loss giving rise to this action or to indemnify or reimburse the Plaintiff for payments made as a result of said loss and/or for medical or personal coverage.

b.   Each and every insurance agreement in which the insurer is the real party in interest in this action.

## DEMAND FOR PROOF OF RESIDENCY FOR SOULEMA SAGNE

You are required to serve upon the undersigned a verified statement setting forth the Post

Office address and residence address of Plaintiff in sufficient detail to permit ready location,

pursuant to CPLR 3118.

## DEMAND FOR AFFIDAVIT OF SERVICE

Please take notice that you are required to produce the process server's affidavit of service showing how each and every party to this lawsuit was served with the Summons and Complaint.

## DEMAND FOR STATEMENT OF DAMAGES

Demand is hereby made upon the Plaintiff to provide a statement of damages claimed to the undersigned.

## DEMAND FOR PHYSICAL EXAMINATION

**PLEASE TAKE NOTICE**, pursuant to Section 3121 of the CPLR, the answering Defendant, hereby demands that the Plaintiff be made available for a physical examination at a date, time and place, and before a physician, to be designated.

**PLEASE TAKE FURTHER NOTICE**, that in the event of Plaintiff's failure to comply with the foregoing demand within twenty (20) days, the Defendant will move to preclude the offering of any evidence as to the matters herein demanded, together with the costs of such application.

## DEMAND FOR AUTHORIZATIONS FOR TAX RETURNS

Pursuant to CPLR 3121, the Plaintiff is hereby required to furnish to the undersigned duly executed and acknowledged written authorizations (**containing full names and addresses**) permitting the undersigned to obtain the records for the following:

1. Authorizations for copies of all Federal and State Income Tax Returns of Plaintiff for a period of four (4) years preceding the alleged occurrence.

2. Annexed hereto is IRS Form 4506 which must be signed by your client and notarized. No other authorization for Federal Income Tax Returns is acceptable. Please include copies of two forms of I.D. (i.e.: Social Security card and driver's license).

## DEMAND FOR SCHOOL RECORDS

The Plaintiff is hereby required to furnish to the undersigned duly executed and acknowledged written school authorizations (containing full names and addresses) permitting the undersigned to obtain the records for the following: Any and all educational, teaching, training and school institutions or agencies, vocational or academic, attended by the Plaintiff for the period of 2015 to present.

## DEMAND FOR EMPLOYMENT RECORDS

**PLEASE TAKE NOTICE**, that if a claim for lost earnings or diminution of earning capacity is being made, you are hereby required to serve upon the undersigned within twenty (20) days after receipt of this Notice, the following:

1. If the Plaintiff was not self-employed, duly executed and acknowledged original written authorizations directed to the last employer prior to the date of accident and the first employer subsequent to the date of accident so as to permit the securing of Plaintiff's entire personnel record including records regarding wages and attendance.

2. If the Plaintiff was self-employed, copies of federal income tax returns submitted in the two (2) years prior to the date of accident, in the year in which the accident occurred and in the year subsequent to the date of accident.

## DEMAND FOR WORKERS COMPENSATION RECORDS

Demand is hereby made upon Plaintiff to provide, pursuant to the applicable rules of this court and the CPLR, duly executed authorizations to the Workers Compensation insurance carrier and the Workers Compensation Board carrier to the undersigned Defendants.

## DEMAND FOR NO-FAULT INSURANCE AUTHORIZATIONS

Demand is hereby made upon you the Plaintiff to provide, pursuant to the applicable rules of this Court, duly executed authorizations to the No-Fault Insurance Carrier to the undersigned.

## DEMAND FOR SOCIAL SECURITY OR DISABILITY RECORDS

Demand is hereby made upon Plaintiff to provide, pursuant to the applicable rules of this court and the CPLR, duly executed authorizations to the Social Security Administration to the undersigned Defendants to obtain, if applicable, any and all of Plaintiff's social security and/or disability records.

## DEMAND FOR INSURANCE COVERAGE

Pursuant to the provisions of Section 3101(f) of the C.P.L.R., Plaintiff is required to serve upon the undersigned, within twenty (20) days after service hereto, copies of any insurance agreement which shall satisfy part or all of a judgment which may be entered in this action against the party you represent or which shall indemnify or reimburse the party you represent for payments made to satisfy the judgment. Without waiving our right to the above, we will accept in the first instance, your notice giving the name and address of the insurance carrier, the policy numbers, the policy period and the amount of coverage.

## NOTICE OF NO SERVICE VIA FACSIMILE AND ELECTRONIC MAIL

We will not accept service of any papers by electronic means such as facsimile or electronic mail pursuant to C.P.L.R. Rule 2103(b)(5). The presence of any fax number on letterhead or other papers does not constitute a waiver of this Notice.

**PLEASE TAKE NOTICE** that such authorizations and/or discovery documents must be delivered to the undersigned within thirty (30) days from the date of this Notice.

**PLEASE TAKE FURTHER NOTICE** that failure to comply with these demands will serve as a basis for a motion to preclude the Plaintiff upon the trial of this action from offering proof relative to medical damages if such information, authorization and certificates are not provided in accordance with these demands.

**PLEASE TAKE FURTHER NOTICE** that these are all continuing demands and should any of the information requested become available to or known in the future, then you are required to furnish same at such time.

**PLEASE TAKE FURTHER NOTICE** that all authorizations are to include proper, including, but not limited to alternate names/aliases, full addresses, and all necessary identification numbers, i.e., social security numbers.

**PLEASE TAKE FURTHER NOTICE** that upon your failure to comply with these demands the party we represent shall make an application to stay all proceedings herein, in addition to sanctions and other relief to be granted.

Dated: New York, New York
August 15, 2018

> Yours etc.,
> GALLO VITUCCI KLAR LLP
> By:     Bryan T. Schwartz, Esq.
> *Attorneys for Defendants*
> *Shirley Express LLC and Richard J. Cantos*
> 90 Broad Street, 12th Floor
> New York, New York 10004
> (212) 683-7100
> Our File No.: NAVT-2018-30

TO:

Adam S. Bernstein, Esq.
BUDIN, REISMAN, KUPFERBERG
& BERNSTEIN, LLP
*Attorneys for Plaintiff*
*Soulema Sagne*
112 Madison Avenue
New York, New York 10016
(212) 696-5500

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                      ) ss.:
COUNTY OF NEW YORK  )

      The undersigned being duly sworn, deposes and says that she is not a party to this action, is over the age of 18 years and resides in the State of New York, County of Kings, and that on the 15th day of August, 2018, she served the within **DEMAND PURSUANT TO MANDATORY INSURER REPORTING LAW, DEMAND REGARDING PRIOR OR SUBSEQUENT INJURY, DEMAND FOR STATEMENT OF DAMAGES PURSUANT TO CPLR § 3017(C) AND COMBINED DISCOVERY DEMANDS** upon:

Adam S. Bernstein, Esq.
BUDIN, REISMAN, KUPFERBERG
& BERNSTEIN, LLP
*Attorneys for Plaintiff*
*Soulema Sagne*
112 Madison Avenue
New York, New York 10016
(212) 696-5500

those being the addresses designated by said attorneys for that purpose, by depositing a true copy of same enclosed in a post-paid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department and by New York State Courts Electronic Filing (NYSCEF) System.

Claudette Garraud

Sworn to before me this
15th day of August, 2018

Notary Public

Mary Thompson
Notary Public – State of New York
No. 01TH6044466
Qualified in Richmond County
Commission Expires on July 3, 2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK                                INDEX NO.: 155708/2018

SOULEMA SAGNE,

                              Plaintiff,

        - against -

SHIRLEY EXPRESS LLC and
RICHARD J. CANTOS,

                              Defendants.

---

**DEMAND PURSUANT TO MANDATORY INSURER REPORTING LAW**
**DEMAND REGARDING PRIOR OR SUBSEQUENT INJURY**
**DEMAND FOR STATEMENT OF DAMAGES PURSUANT TO CPLR § 3017(C)**
**COMBINED DISCOVERY DEMANDS**

---

GALLO VITUCCI KLAR LLP
*Attorneys for Defendants*
*Shirley Express LLC and Richard J. Cantos*
90 Broad Street, 12th Floor
New York, New York 10004
(212) 683-7100
Our File No.: NAVT-2018-30
BTS/cg